UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:14-cr-77 |
| | : | |
| Plaintiff, | : | Chief District Judge Susan J. Dlott |
| vs. | : | Magistrate Judge Michael J. Newman |
| | : | |
| ROSCOE SHELLMAN, | : | |
| | : | |
| Defendant. | : | |

_____

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT BE FOUND INCOMPETENT TO STAND TRIAL
_____

This is a felony criminal case assigned to Chief Judge Dlott, who has referred the issue of competency to the undersigned for a Report and Recommendation. Based upon the Court's observation of Defendant in open court and upon information provided by Pretrial Services, *see* June 16, 2014 Bond Report at 3, the Court previously ordered that Defendant be evaluated by Massimo DeMarchis, Psy.D., pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), to determine his mental competency to stand trial. Doc. 10.

Dr. De Marchis examined Defendant and issued a report to the Court, dated July 23, 2014, concluding within a reasonable degree of psychological certainty that Defendant is currently incompetent to stand trial on the counts set forth in the Indictment. Dr. De Marchis further concludes that Defendant could be restored to competency if provided treatment and competency restoration training and recommends that Defendant be committed to a federal facility for treatment and competency restoration.

Following issuance of Dr. De Marchis's report to counsel, the Court held a status conference on July 30, 2014. During that conference, counsel for the government requested that the Court issue

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

additional documents to Dr. De Marchis for further consideration of Defendant's competency.  *See* Doc. 12.  Subsequently, the Court set the issue of Defendant's competency for hearing and advised the parties that they could subpoena Dr. De Marchis to testify at the hearing and elicit testimony from him concerning any additional relevant documents.  *See id*.  The government submitted two documents for Dr. De Marchis to review; and the Court, over Defendant's objection, provided those documents to Dr. De Marchis in advance of the hearing.

On August 19, 2014, this case came before the Court for competency hearing.  Laura Clemmens and Amy Smith appeared on behalf of the government.  Aaron Durden appeared on behalf of Defendant.  Defendant was also present.  Both parties stipulated to the admissibility of Dr. De Marchis's report and stipulated to Dr. De Marchis's findings and conclusions.  Based upon the stipulated findings and conclusions of Dr. De Marchis, and absent any evidence to the contrary, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  *See* 18 U.S.C. §§ 4241(a) and (d).

Accordingly, the Court **RECOMMENDS** that Defendant be found incompetent to stand trial pursuant to 18 U.S.C. § 4241.  Via separate order, the undersigned -- without objection by the parties and via concurrence stated in open court by counsel for the government, counsel for Defendant and the Pretrial Services Officer -- will order that Defendant be continued on bond as previously ordered until disposition of the competency issue by Chief Judge Dlott.

Date:   August 19, 2014                               *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).